UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON ABADI,

                            Plaintiff,

            -against-

GREYHOUND LINES, INC.,

                            Defendant.

23-CV-7645 (JLR)

ORDER OF SERVICE

JENNIFER L. ROCHON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332. By order dated November 15, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Greyhound Lines, Inc. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

Receipt and Return form (USM-285 form) for Defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is further instructed to issue a summons for Defendant Greyhound Lines, Inc., complete the USM-285 form with the address for this defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    February 16, 2024
          New York, New York

*Jennifer Rochon*
_____
JENNIFER L. ROCHON
United States District Judge

2

## DEFENDANTS AND SERVICE ADDRESSES

1.      Greyhound Lines, Inc.
        ATTN: Legal Department
        P.O. Box 660362-0362
        Dallas, TX 75266-0362

        Greyhound Lines, Inc.
        Patriot Tower
        350 North St. Paul Street
        Dallas, TX 75201

        Greyhound Lines, Inc.
        28 Liberty St.
        New York, NY 10005